IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

RECEIVED
IN CLERK'S OFFICE
DEC 23 2011
U.S. DISTRICT COURT
MID. DIST. TENN.

| | | |
|---|---|---|
| ROSIE M. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | Jury Demand |
| | ) | |
| V. | ) | Civil Action No. |
| | ) | |
| FEDERAL-MOGUL PRODUCTS, INC. | ) | Judge _____ |
| and DEBBIE HITCHCOCK, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, ROSIE M. ARNOLD, brings this action pursuant to the Family and Medical Leave Act of 1993, (hereinafter called the "FMLA"), the Civil Rights Act of 1991, Title I of the Americans with Disabilities Act (hereinafter called the "ADA"), and the Americans with Disabilities Act Amendments Act (hereinafter called the "ADAAA"). Ms. Arnold alleges, among other claims, that the Defendants violated the FMLA and the ADAAA by terminating her employment based, in part, on her taking medical leave required by her serious health condition. She requests damages, interest and liquidated damages arising from her discharge from employment with Defendants in violation of the FMLA, and to the award of such other equitable relief as is found by the Court to be appropriate and due under the Act.

1. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 2617 (a), and 42 U.S.C. §§ 2000e(5) and 12117(a).

2. At all times hereinafter mentioned, Plaintiff ROSIE M. ARNOLD was residing with her family in Smithville, DeKalb County, Tennessee.

3. Defendant, FEDERAL-MOGUL PRODUCTS, INC., (hereinafter "FEDERAL-MOGUL") is and at all times hereinafter mentioned was a foreign corporation with an office and place of business at 1 Grizzly Lane, Smithville, Tennessee, 37166, located within the jurisdiction of this Court, and is and at all times hereinafter mentioned was engaged in the manufacture and sale of automotive products and related activities.

4. Defendant DEBBIE HITCHCOCK, an individual, was at all times relevant to this complaint employed at FEDERAL-MOGUL as Human Resources Representative. She conducted business within the jurisdiction of this Court, and at all times hereinafter mentioned acted individually, and as agent and employee, directly or indirectly in the interest of FEDERAL-MOGUL in relation to its employees.

5. Defendants are, and at all times hereinafter mentioned were, engaged in commerce or in an industry or activity affecting commerce; and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; and are employers within the meaning of the FMLA (29 U.S.C. § 2611(4)) and the ADA (42 U.S.C. § 1211(5)(A)).

6. At all times hereinafter mentioned, Defendants employed ROSIE M. ARNOLD at their aforesaid Smithville, Tennessee work site. Said work site employed 50 or more employees or was part of a series of work sites within a 75-mile radius with total employment of 50 or more employees.

7. ROSIE M. ARNOLD started working at FEDERAL-MOGUL on July 15, 2002. At all times relevant to this complaint, she held the position of Production Operator.

8. On or about October 14, 2009, and thereafter, employee ROSIE M. ARNOLD requested leave for her own serious health condition. On Wednesday, October 14, 2009,

2

Defendants required that ROSIE M. ARNOLD leave work early due to onset of severe hypertension. Ms. Arnold was instructed by Defendants to not return to work until she was released by her health care provider.

9. ROSIE M. ARNOLD continued to be incapacitated by severe illness on Thursday, October 15, 2009. She called in to work to report that she was still too sick to work and would see her physician on Friday, October 16, 2009.

10. ROSIE M. ARNOLD was treated for her illness by her treating physician on Friday, October 16, 2009. At that time, the physician diagnosed hypertension and determined that a regimen of prescription medication was necessary. He prescribed the medication and gave her a release to return to work. ROSIE M. ARNOLD filled the prescription and took the medication as instructed.

11. ROSIE M. ARNOLD's October 14 through 16, 2009 illness was a serious health condition. Ms. Arnold had an illness, injury, impairment, or physical condition that involved continuing treatment by a health care provider. This continuing treatment involved a period of incapacity or treatment for such incapacity due to the chronic serious health condition of hypertension, and also required treatment by a health care provider at least twice a year, continued over an extended period of time, and caused episodic incapacity. At the time of said request for leave, employee ROSIE M. ARNOLD had been employed by Defendants for at least 12 months and had performed at least 1,250 hours of service with Defendants during the previous 12-month period and thus was entitled to leave as provided for under the FMLA.

12. ROSIE M. ARNOLD returned to work the next working day, Monday, October 19, 2009 and delivered the note from her physician releasing her to return to work.

13. On December 2, 2009, Defendants issued an Employee Final Written Warning

3

Notice to ROSIE M. ARNOLD for accumulating 9 points in a 12-month period. The 9 points included 2.25 points accrued for her absences on October 14 and 15, 2009 that were required by her serious health condition.

14. ROSIE M. ARNOLD complained to her supervisor about the assessment of points for the October absences.

15. ROSIE M. ARNOLD again requested FMLA leave on December 7, 2009.

16. On January 13, 2010, Defendant DEBBIE HITCHCOCK denied ROSIE M. ARNOLD's request for FMLA leave "for failure to provide FMLA certification from your physician."

17. Defendants had not requested ROSIE M. ARNOLD to provide FMLA certification from her physician in the rights and responsibilities notice, as required by 29 C.F.R. § 825.300(c)(1)(ii).

18. Defendants did not grant ROSIE M. ARNOLD the FMLA leave that she requested. Instead, on February 10, 2010, Defendants discharged ROSIE M. ARNOLD. The reason stated by Defendants for the discharge was that she had unsatisfactory attendance, having accumulated 10 points for absences. Two of the absences for which she was discharged occurred on days taken for the medical leave in October 2009 required by her employer due to her serious health condition. Defendants did not explain to Ms. Arnold how they calculated the 10 points or what absences they included in that total.

19. Defendants misrepresented to the Tennessee Department of Labor and Workforce Development that Ms. Arnold violated their attendance policy by accumulating 10 points for absences. As a result of this misrepresentation, Ms. Arnold was deprived of unemployment compensation for sixteen months.

20. If ROSIE M. ARNOLD had been granted leave under the FMLA for the absences required by her serious health condition, or if medical leave had been granted for the absences as an accommodation to her disability, she would not have been discharged or otherwise disciplined under FEDERAL-MOGUL attendance policies.

21. Prior to her discharge, Defendants discouraged and interfered with ROSIE M. ARNOLD'S taking of intermittent FMLA leave necessitated by her chronic serious health condition.

22. Defendants are employers subject to the provisions of the FMLA and the ADA.

23. Defendants have violated the provisions of the FMLA (29 U.S.C. §§ 2614 and 2615) in that they interfered with, restrained, or denied employee ROSIE M. ARNOLD the exercise of rights provided under the FMLA.

24. Defendants have violated the provisions of the FMLA (29 U.S.C. §§ 2614 and 2615) in that they discharged and otherwise discriminated against employee ROSIE M. ARNOLD for opposing practices made unlawful by the FMLA.

25. Defendants have violated the provisions of the FMLA (29 U.S.C. §§ 2614 and 2615) in that they discharged and otherwise discriminated against employee ROSIE M. ARNOLD for giving information in connection with an inquiry or proceeding relating to rights provided by the FMLA.

26. Defendants' violations of the FMLA were not in good faith.

27. Defendants had no reasonable grounds to believe that their acts and omissions did not violate the FMLA.

28. As a result of the Defendants' unlawful actions, ROSIE M. ARNOLD has been deprived of her gainful employment.

29. Since at least October 14, 2009, Defendants have engaged in unlawful practices in violation of the ADA, 42 U.S.C. §§ 12112(a) and (b), at their Smithville, Tennessee facility. These practices include but are not limited to Defendants' discipline and discharge of ROSIE M. ARNOLD, a qualified individual with a disability, who was able to perform the essential functions of her position with or without reasonable accommodation because of her disability, hypertension; denial of reasonable medical leave accommodation; and discharge of ROSIE M. ARNOLD based on the need to make reasonable accommodations for her possible future impairments.

30. The effect of the practices complained of above has been to deprive ROSIE M. ARNOLD of equal employment opportunities and to otherwise adversely affect her status as an employee because of her disability.

31. The unlawful employment practices complained of above were and are intentional.

32. The discriminatory action of Defendants as set forth above has caused and will continue to cause Plaintiff to suffer losses of earnings and as a further proximate result of Defendants' unlawful and discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities as experienced in the position from which Plaintiff was terminated. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

33. Plaintiff has no adequate remedy at law to secure relief for the loss of employment opportunity. If this Court does not enter an Order for Defendants to accommodate Plaintiff by reinstating her to the job Plaintiff was qualified for, Plaintiff will be irreparably injured.

34. Plaintiff has filed a discrimination charge against Defendant Federal-Mogul with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed under the ADA 42 U.S.C. § 12117(a), which incorporates the procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(5)(e).

35. On December 10, 2011, Plaintiff received notice from the EEOC of her right to bring this action (copy attached) and Plaintiff timely filed this action.

WHEREFORE, cause having been shown, Plaintiff respectfully requests that the court:

1. Declare Defendants' conduct to be in violation of ROSIE M. ARNOLD's rights under the FMLA and the ADA.

2. Permanently enjoin Defendants, FEDERAL-MOGUL's owners, officers, management personnel, employees, agents, attorneys, successors, and assigns, and those acting in concert with them, from any conduct violating ROSIE M. ARNOLD's rights under the FMLA or the ADA.

3. Grant judgment in favor of Plaintiff and against Defendants for damages resulting from Defendants' violations of the FMLA, plus interest on this amount calculated at the prevailing rate, as provided in 29 U.S.C. § 2617(a)(1)(A)(i and ii).

4. Grant judgment in favor of Plaintiff and against Defendants for an additional amount as liquidated damages equal to the sum of the compensation amount plus interest described in the preceding paragraph, as provided in 29 U.S.C. § 2617(a)(1)(A)(iii).

5. Grant judgment in favor of Plaintiff and against Defendants for compensatory damages according to proof.

6. Grant judgment in favor of Plaintiff and against Defendants for punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

7. Grant judgment in favor of Plaintiff and against Defendants for such equitable relief as may be appropriate, including employment, promotion, reinstatement, back pay, or front pay in lieu of reinstatement, and any other relief necessary to make the Plaintiff whole, for the losses caused by the violations of the Defendant.

8. Grant Plaintiff her costs in bringing this action, including reasonable attorney's fees and reasonable expert witness fees.

9. Grant such other and further relief as to the Court seems just and proper.

Plaintiff further demands a jury trial of this cause.

Respectfully submitted,

_____
William Bush, BPR No. 006052
Attorney at Law
Legal Aid Society of Middle TN & the Cumberlands
9 S. Jefferson Ave., Ste. 102
Cookeville, TN 38501
(931) 528-7436

_____
Marla K. Williams, BPR No. 014167
Attorney at Law
Legal Aid Society of Middle TN & the Cumberlands
9 S. Jefferson Ave., Ste. 102
Cookeville, TN 38501
(931) 528-7436

8

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Rosie M. Arnold<br>1236 A.B. Frazier Road<br>Smithville, TN 37166 | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2011-00504 | Deborah K. Walker,<br>Supervisory Investigator | (615) 736-2109 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sarah L. Smith* (signature)

**Sarah L. Smith,**
**Area Office Director**

DEC 09 2011

*(Date Mailed)*

Enclosures(s)

cc: Debbie Hitchcock
Human Resource Director
FEDERAL MOGUL PRODUCE, INC
1 Grizzly Lane
Smithville, TN 37166

William Bush, Esq.
LEGAL AID SOCIETY
9 South Jefferson Ave Suite 102
Cookeville, TN 38501

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*